# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-_____

GEORGE GOUSSETIS,

Plaintiff,

v.

T2 SYSTEMS, INC.,

Defendant.

## NOTICE OF REMOVAL

Defendant T2 Systems, Inc. ("T2 Systems"), through its attorneys, Franz Hardy and Maral Shoaei of Gordon Rees Scully Mansukhani, LLP, submits this Notice of Removal to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1. Plaintiff George Goussetis filed this lawsuit on March 29, 2019 in the District Court, Boulder County, Colorado captioned *George Goussetis v. T2 Systems, Inc.*, Case No. 2019CV30306.

2. A copy of the Complaint for Damages is attached as **Exhibit A.** A copy of the District Court Civil Case Cover Sheet is attached as **Exhibit B.**

3. The Complaint was served on T2 Systems' registered agent on April 18, 2019.

4. In the Complaint, plaintiff asserts a claim for negligence. In particular, plaintiff alleges that he was injured by a parking gate control arm sold by T2 Systems to the City of Boulder. Plaintiff alleges that T2 Systems had a legal duty to keep a reasonably safe parking gate

system and that it failed to so, causing him injuries, damages, and losses. Specifically, plaintiff alleges that as a result of T2 Systems' negligence, he has suffered and will continue to suffer pain, loss of enjoyment of life, medical, hospital, and rehabilitation expenses, loss of earning and earning capacity, permanent impairment, emotional distress, humiliation, grief, anxiety, worry, embarrassment, and financial hardship.

5. This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing a Notice of Removal from the District Court for Boulder County, Colorado, where the case is currently pending.

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. (*See* District Court Civil Case Cover Sheet at p. 1 ("This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification: By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.")).

8. Removal is appropriate here because there is complete diversity between the parties. "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the

state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Plaintiff is domiciled in and "a resident of Boulder County". (*See* Complaint ¶ 1 and p. 3). He alleges that he is an employee of the City of Boulder. *Id* at ¶ 1. Plaintiff has reported no other residence or place of domicile in this case. Based on the foregoing, plaintiff is domiciled in Colorado.

9. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business". 28 U.S.C. § 1332(c)(1). At all times relevant, T2 Systems is a foreign corporation domiciled in the state of Indiana, with its principal place of business in Indiana. (*Id*. at ¶ 2; *see also* Colorado Secretary of State Certificate of Fact of Good Standing, attached hereto as **Exhibit C**; Colorado Secretary of State Periodic Report, attached hereto as **Exhibit D** (listing principal office address in Indianapolis, Indiana); Indiana Secretary of State Business Entity Report, attached hereto as **Exhibit E** (listing principal office address in Indianapolis, Indiana).

10. No change of citizenship of the parties has occurred since the commencement of this action. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between plaintiff and T2 Systems.

11. Removal is further appropriate because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Civil Case Cover Sheet provides evidence that plaintiff values his claims in excess of the jurisdictional limit. In the Civil Case Cover Sheet, plaintiff indicated the case was not governed by Colorado's simplified procedure pursuant to Colo. R. Civ. P. 16.1 because he is "seeking a monetary judgment against another party for more than

$100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs". (Exhibit A, p. 1).  The U.S. Court of Appeals for the Tenth Circuit has concluded that a civil case coversheet is an "other paper" and, therefore, provides an appropriate basis to support the jurisdiction amount in controversy for purposes of removal. *See Paros Props, LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (a defendant can support its removal notice by reference to a plaintiff's check mark on the Colorado civil cover sheet indicating the amount in controversy exceeded $75,000).  In addition, undersigned counsel has confirmed with plaintiff's counsel by telephone and in writing that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (May 17, 2019 email, attached as **Exhibit F**).

12.    Pursuant to D.C.Colo.LCivR 81.1, the undersigned certifies that as of the date of this filing, no hearing has been set in the case.

13.    Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office.  Also, within fourteen days of the filing of this Notice of Removal, defendant will file a current state court docket sheet (register of actions) and will separately file any pending motion, petition, and related response, reply, and brief.

14.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon defendant are also submitted.

WHEREFORE, Defendant T2 Systems, Inc. respectfully requests that this Court accept this Notice of Removal, assume jurisdiction over this matter, and issue such further orders and process as may be necessary.

DATED this the 17th day of May, 2019.

        /s/ *Franz Hardy*
        Franz Hardy, Esq.
        Maral Shoaei, Esq.
        GORDON & REES LLP
        555 Seventeenth Street, Suite 3400
        Denver, Colorado 80202
        Telephone: (303) 534-5160
        fhardy@grsm.com
        mshoaei@grsm.com
        *Attorneys for Defendant T2 Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record on this the 17th day of May, 2019.

David Levy, Esq.   [*copy via Colorado Courts E-Filing System*]
P.O. Box. 1609
Lyons, Colorado 80540
*Attorney for Plaintiff*

Clerk of the Civil Division   [*copy filed via Colorado Courts E-Filing System*]
Boulder County District Court
1777 Sixth Street
Boulder, Colorado 80306

/s/ *Franz Hardy*
Franz Hardy, Esq.
Maral Shoaei, Esq.
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
mshoaei@grsm.com
*Attorneys for Defendant T2 Systems, Inc.*